| | |
|---|---|
| THOMAS T. McDOUGLE, and ROSEMARIE TAYLOR, for themselves and other similarly situated employees<br><br>Plaintiffs,<br><br>v.<br><br>DAKOTA OF ROCKY HILL, LLC<br>Defendant. | February 15, 2017 |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action under state and federal law for unpaid minimum wages earned by Plaintiff and other servers during their employment at Defendant's "Dakota Steakhouse" located in Rocky Hill, Connecticut. Defendant failed to follow state and federal law concerning the "tip credits" that employers may take in offsetting a service employee's minimum wage. Under both state and federal law, restaurant employers are permitted to take a credit on account of tips received by servers and pay less than the normal minimum wage for time spent performing true "service" work. When employers assign non-service work to servers and fail to segregate that time in the wage record those employers must pay all hours worked by servers at the full minimum wage. Conn. Reg §31-62-E4. Defendant assigned non-service work to Plaintiff and the class and paid them at the lower server minimum wage rather than the full minimum wage as required by law. Plaintiffs bring this action for themselves, and on behalf of a class of servers under Connecticut Law and on behalf of a collective of servers who would join this action under the Fair Labor Standards Act.

## THE PARTIES

2. Plaintiff, Thomas T. McDougle ("McDougle") is an individual residing in Hamden, Connecticut.

3. McDougle is employed by Defendant and has been an employee at Dakota of Rocky Hill, LLC since August 2015.

4. Plaintiff, Rosemarie Taylor ("Taylor") is an individual residing in South Glastonbury, Connecticut.

5. Taylor is employed by Defendant and has been an employee at Dakota of Rocky Hill, LLC since October 2015.

6. Plaintiffs and other similarly situated servers are covered employees within the meaning of the FLSA as well as the CMWA.

7. Defendant, Dakota of Rocky Hill, LLC is a Foreign Limited Liability Company organized under the laws of the State of Delaware and maintaining a business address at 1489 Silas Deane Highway, Rocky Hill, Connecticut.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

9. This Court has jurisdiction over Plaintiffs' claim under the FLSA pursuant to 29 U.S.C. § 216(b).

10. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391. All of the events or omissions giving rise to claims in this Complaint occurred in Connecticut.

## BACKGROUND FACTUAL ALLEGATIONS

11. From August 2015 through the present date, Defendant has employed Plaintiff McDougle as a server at Dakota Steakhouse located at 1489 Silas Deane Highway, Rocky Hill, Connecticut. In this capacity, Plaintiff McDougle serves food and beverages to persons at tables and booths in the restaurant area.

12. From October 2015 through the present date, Defendant has employed Plaintiff Taylor as a server at Dakota Steakhouse located at 1489 Silas Deane Highway, Rocky Hill, Connecticut. In this capacity, Plaintiff Taylor serves food and beverages to persons at tables and booths in the restaurant area.

13. Defendant requires and required Plaintiffs and other similarly situated servers to perform significant amounts of non-service duties without the possibility for earning tips for such work and failed to pay them a wage differential.

14. Defendant posted lists of the non-service duties, or "side-work" performed by Plaintiffs and similarly situated servers in plastic sleeves at the various server stations throughout the restaurant.

15. The non-service duties, or "side-work" performed by Plaintiffs and similarly situated servers included, but were not limited to:

   a. Glassware Station side-work: This side-work includes washing glasses and silverware, cleaning the counter, stack and wipe down glasses, emptying out the strainers, sweeping up the glassware station, taking out the trash and recyclables, wiping down trash cans, and replacing trash cans with new liners.

   b. Hunt Station side-work: This side-work includes restocking the side station with condiments, straws, mints, coffee, coffee pots, pitchers, tea and sugar bowls,

3

spoons and plates, printer papers and salt and pepper; cleaning the coffee machine, wiping down shelves, filling ice, marrying ketchups, taking back cream, milk and lemons, getting more bus tubs, wiping out cubby space, putting two bus tubs on shelves for trash and linens, filling coffee mugs, filling water glasses, taking out trash and linens, wiping down the outside of trash cans, sweeping the side station and cleaning out the butler.

　c. Dessert Station side-work: This side-work includes restocking the dessert station, filling teaspoons and forks, stacking round plates and oval plates, cleaning and filling almond, cherry and Oreo trays, filling sugar and Oreo bins, restocking caramel and hot fudge, restocking napkins, candles and powdered sugar, restocking cheesecakes, apple crisps, crème brûlée, mud pies and trays of brownies, wiping the bottom of fridge, removing hot fudge and caramel from the warmer and unplugging the warmer, putting away strawberries and mocha whip, cleaning the door, taking the door off of the fridge and cleaning all around it, moving and cleaning behind and inside the microwave, putting away ice creams, wiping down fridges, sweeping the station, taking out the trash, wiping down the front of the trash cans, having shift leader check the server's station.

　d. There were also similar lengthy side-work lists for additional areas of the restaurant called "North," "South," "Line", "Rose" and "Bread."

　e. When opening the restaurant, servers were expected to come in one hour before the restaurant opens and clock in at the "server" rate rather than at the full minimum wage.

　f. In addition to these side-work duties, each server was also expected to roll

4

silverware before going home.

16. This side-work was not performed in the immediate service areas of the restaurant but instead was performed in the general common areas of the restaurant, including the kitchen and the service aisle.

17. Defendant required its servers to perform the above described side-work each shift, and did not let them go home until and unless the shift leader confirmed that they had done their work.

18. Defendant told the servers that they should wait until all customers in their sections had left the restaurant before beginning their side-work.

19. This side-work was mandatory for all of Defendant's servers and took up over an hour a day which made up more than 20% of each servers' shift.

20. Defendant did not segregate the time that Plaintiff s and other servers performed "non-service" and "service" duties.

21. The time spent performing these general cleaning and stocking duties was not paid at the full minimum wage and instead the Defendant took the tip credit against the minimum wage for these hours.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action for themselves and on behalf of a class of similarly situated servers including all current and former employees of Dakota of Rocky Hill, LLC who held the position of server in at least one week during a period commencing two years immediately preceding the filing of this complaint and continuing until final judgment in this action.

23. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the wage and hour provisions of the CMWA by Defendant, that have deprived Plaintiffs and other similarly situated servers of wages owed.

24. Class certification is appropriate under federal law pursuant to Fed. R. Civ. P. 23 because:

   a. The number of employees identified above is so large that joinder of all members is impractical. Plaintiffs conservatively estimate that the putative class exceeds fifty servers;

   b. The questions of law and/or fact in this case are common to the class. All putative class members work or worked at the same restaurant subject to uniform employer policies governing the performance of service and non-service work;

   c. The claims and defenses of the representative party are typical of the claims or defenses of the class. Plaintiffs seek to recover for Dakota's violations of state and federal minimum wage law arising out of Dakota's policies applicable to all servers.

   d. The class representative was fairly chosen and will adequately and fairly represent the entire class of employees identified above.

   e. Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other

members not a party to the adjudications or substantially impair or impede their ability to protect their interests;

f. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available means of administration.

## FIRST CAUSE OF ACTION

*Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 et seq.*

25. Under the Connecticut Minimum Wage Act, restaurant employers may take a tip credit only for service work and work that is incidental to service. This work includes:

   a. Taking food and beverage orders from patrons;

   b. Bringing the orders to the table or booth;

   c. Cleaning up the immediate area of service;

   d. Filling condiment containers at the tables or booths;

   e. Vacuuming the server's own immediate service area;

   f. Replacing the table setting at their own service area;

26. An employer in the restaurant business may not take a tip credit during the time which any employee is performing non-service duties such as the following:

   a. Cleaning the rest rooms;

   b. Preparing food;

   c. Washing dishes;

   d. General set-up work before the restaurant opens;

   e. Kitchen clean-up;

   f. General cleaning work;

7

27. Connecticut Regulations provide that if an employee performs both service and non-service duties, the employer is required to "segregate" the time spent on each and may only take the tip credit for the work in the service category. Conn. Reg. § 31-62-E4.

28. Connecticut Regulations further provide that if an employee performs both service and non-service duties, and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum wage for the entire shift. Under these circumstances, servers should be paid the full minimum wage for all hours worked.

29. Defendant has violated this law by assigning non-service work to its servers without segregating the time spent on non-service work from the time spent on service work and failing to pay its servers the full minimum wage for all hours worked.

30. As a result of Defendants' violations of the CMWA, Plaintiffs have been under paid according to the law and are entitled to damages calculated as "twice the full amount of [the applicable] minimum wage ... less any amount actually paid to [plaintiffs] by [their] employer" for every hour worked by the class "with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Section 31-68 (as amended by Public Act No. 15-86);

## SECOND CAUSE OF ACTION
*Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.*

31. Plaintiffs bring this cause of action under Section 216(b) of the Fair Labor Standards Act for himself and on behalf of other similarly situated servers who have worked for Defendant during the three years immediately preceding this lawsuit and through the date of final judgment in this matter.

32. Defendant has violated the FLSA by taking a tip credit for time spent performing non-tip producing work which was assigned routinely and/or which exceeded 20% of Plaintiff's

and similarly situated servers' shifts.

33. Defendant's refusal to pay Plaintiffs and similarly situated servers the required wage differential when the Defendant required Plaintiffs and similarly situated servers to work in excess of twenty percent of their scheduled shift performing general preparation and/or maintenance work for which they do not earn tips was and was willful.

34. Only employers who inform employees of the tip credit provisions contained in Section 3(m) of the FLSA may validly assume a tip credit.

35. As a result of Defendant's violations of the FLSA, Plaintiffs, along with other similarly situated servers who file consent forms in this case, have suffered damages by being denied minimum wages in accordance with the FLSA in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

  A. Certification of this matter pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  B. Conditional Certification of the FLSA Collective under Section 216(b) of the Fair Labor Standards Act;

  C. Designation of Plaintiffs as representatives of the Class, and counsel of record as Class Counsel;

  D. Damages calculated as "twice the full amount of [the applicable] minimum wage … less any amount actually paid to [plaintiffs] by [their] employer" for every hour worked by the class. C.G.S. Section 31-68 (as amended by Public Act No. 15-86);

  E. Liquidated damages under the FLSA;

  F. Pre-Judgment and Post-Judgment interest, as provided by law;

  G. Attorneys' fees and costs of suit, including expert fees;

  H. Reasonable incentive awards for Plaintiffs to compensate them for the time they spend attempting to recover wages for the Class and for the risks they take in doing so;

  H. and

  I. Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial before a jury on all issues so triable.

                                          PLAINTIFFS, THEODORE T. MCDOUGLE,
                                          ROSEMARIE TAYLOR, individually and on
                                            behalf of other similarly situated employees,

By: _____
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for Plaintiffs